No. 17973—Edward Long v. State of Ohio. Error to the Court of Appeals of Belmont county.

**227A—JURIES.**

Irregularities in summoning to be disregarded, when—Failure of sheriff to sign return of a venire, 13642 GC., within the time limit; error avoided how.

**55B. BILLS OF EXCEPTIONS.**

Errors in spelling names therein, Court of Appeals may correct, 11572-2a GC.

**260. MURDER.**

Incumbent upon defendant asserting voluntary intoxication as a defense to establish degree of by a preponderance of the evidence; but this does not relieve state of burden to prove each and every element of the offense charged beyond a reasonable doubt.

MARSHALL, C. J.

1. Irregularities on the part of ministerial officers in summoning and impaneling jurors will be disregarded by reviewing courts, and also by trial courts after verdict rendered, unless it is shown that one or more of the accepted jurors did not possess the requisite qualifications to act as juror.

2. The failure of a sheriff to sign the return showing the manner of service of a venire for a jury, under Section 13642, General Code, within the time limited by that section, does not avoid the proceedings under such venire, and such sheriff may sign such return after the time so limited. If the time of trial is thereafter postponed for a sufficient length of time to permit the lapse of fifteen days from the time of signing such return until the day of trial, no prejudicial error will result to the accused.

3. By the provisions of Section 11572-a, the Court of Appeals is authorized to correct the spelling of names in a bill of exceptions from the Court of Common Pleas.

4. Where in the trial of a first degree murder case the defendant asserts voluntary intoxication as a defense to the prosecution it will be incumbent upon him to establish that degree of intoxication which rendered him incapable of forming the intent to kill, or of acting with premeditation and deliberation, and the burden is upon such defendant to establish such defense by a preponderance of such evidence. This does not, however, relieve the state of the general burden to prove each and every element going to make up the offense charged by proof beyond a reasonable doubt.

Judgment affirmed.

Wanamaker, Robinson, Jones, Matthias, Day and Allen, JJ., concur.

---

No. 17961—Robert D. Keveney v. The State of Ohio. Error to the Court of Appeals of Henry county. (Filed in Supreme Court, May 1, 1923.)

**29. CRIMINAL LAW.**

Limits of cross-examination of witness—Prejudicial error results only where record clearly shows abuse of discretion by the court—INDICTMENT affords no presumption or inference of guilt—EVIDENCE of other indictments of defendants for impeachments, not properly supported; motion to strike from record and to caution jury, should be sustained by court.

WANAMAKER, J.

1. The limits of cross-examination of a witness to test his recollection or credibility must rest largely in the discretion of the court, and prejudicial error results only where the record clearly shows abuse of that discretion. (Wroe v. State, 20 Ohio St., 460, and Hanoff v. State, 37 Ohio St., 178, approved and followed.)

2. The mere fact that an indictment has been returned affords no presumption of guilt.

3. Where, for the sole purpose of impeachment, evidence of other indictments is offered against the defendant, or a witness, not followed by a proper showing of final conviction, nor of being a fugitive from justice upon such charge, a motion to strike such evidence from the record and caution the jury to disregard it should be sustained by the court.

Judgment affirmed.

Marshall, C. J., Robinson, Jones, Matthias, Day and Allen, JJ., concur.

---

No. 17707—Isadore M. Cohen v. Joseph Goldberger et al. Error to the Court of Appeals of Hamilton county.

**45. ATTORNEY AND CLIENT.**

Lien of attorney for fees and costs earned in litigation—Claim for has priority over debts to general creditors, and in this case superior to those of a partnership of which he was a member.

MATTHIAS, J.

1. The right of an attorney to payment of fees earned in the prosecution of litigation to judgment, though usually denominated a lien, rests on the equity of such attorney to be paid out of the judgment by him obtained and is upheld on the theory that his services and skill created the fund.

2. Such claim, together with costs and other expenses of procuring the judgment, has priority over those of general creditors of the plaintiff, and under the facts in this case is superior to those of general creditors of a partnership of which plaintiff was a member who seek to obtain the proceeds of such judgment as assets of the partnership.

Judgment affirmed.

Marshall, C. J., Wanamaker, Robinson, Jones, Day and Allen, JJ., concur.